Approved by: _____
ANDREA MILLS
Special Assistant United States Attorney

ORIGINAL

Before:  THE HONORABLE KIM P. BERG
         United States Magistrate Judge
         Southern District of New York     24MAG1754(KPB)

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :    MISDEMEANOR
                                         COMPLAINT

                                    :    Violation of
    -v-                                  38 C.F.R. 1.218(a)(5)
                                    :    38 C.F.R. 1.218(a)(5)
                                         38 C.F.R. 1.218(a)(5)

    DAVID C. MAHONEY                :
                                         COUNTY OF OFFENSE:
        Defendant                   :    WESTCHESTER
                                         DUTCHESS
                                    :

- - - - - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss:

   ANTHONY LUCIANO, being duly sworn, deposes and says that he is a Police Officer, assigned to the Department of Veterans Affairs Police Service, Montrose Veterans Administration Hospital, Montrose, New York, and VA Healthcare Castle Point, Wappinger Falls, New York, which are located in the Southern District of New York, and charges as follows:

COUNT ONE

   On or about February 19, 2024, at the VA Castle Point Urgent Care Facility, Wappinger Falls, New York, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, DAVID C. MAHONEY, the defendant, unlawfully, knowingly and willfully remained on the Veterans Administration property, to-wit: the defendant was directed several times to leave the property after entering without a police escort and failed to comply with the orders.

   (38 Code of Federal Regulations, 1.218(a)(5))

COUNT TWO

   On or about February 19, 2024, at the VA Castle Point Urgent Care Facility, Wappinger Falls, New York, within

the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, DAVID C. MAHONEY, the defendant, unlawfully, knowingly and willfully entered the Veterans Administration property and created a disturbance and disrupted normal procedures, to-wit: the defendant entered the Castle Point Urgent Care Facility without obtaining the proper police escort and when approached became belligerent, making threats, using profanity and closing himself in an office preventing normal operations of the facility.

(38 Code of Federal Regulations, 1.218(a)(5))

COUNT THREE

On or about February 20, 2024, at the Montrose Veterans Administration Hospital, Montrose, New York, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, DAVID C. MAHONEY, the defendant, unlawfully, knowingly and willfully trespassed on VA property, to-wit: the defendant entered the Montrose Facility without obtaining the proper police escort as per his Department of Veteran Affairs restriction letter.

(38 Code of Federal Regulations, 1.218(a)(5))

The basis for the deponent's knowledge and for the foregoing charges are, in part, as follows:

1. I am a Police Officer, assigned to the Department of Veterans Affairs Police Service, Montrose Veterans Administration Hospital, Montrose, New York, and Castle Point, Wappinger Falls, New York, which are located in the Southern District of New York.

2. Upon information and belief, on or about February 19, 2024 at approximately 12:05 p.m., on Castle Point property, Officer Smith was on patrol when he was notified by SGT Farrell that a flagged patient, the defendant, was on property and heading to Urgent Care. Officer Smith proceeding to Urgent Care and spotted the defendant in the lobby. Officer Smith grabbed a handheld metal detector to perform a scan of the defendant as outlined in the defendant's Department of Veterans Affairs Restriction letter, dated October 5, 2022. The defendant was aware of this requirement as he has submitted to it several other times.

3. As Officer Smith approached the defendant, he appeared agitated. The defendant walked away from Officer Smith and attempted to close himself in the reception area of the MAA office and not allow Officer Smith in. Officer Smith stopped him from closing the door but was advised by SGT Farrell to stand down and allow the defendant to procced as he intended.

4. The defendant eventually emerged but still appeared to be agitated. Officer Smith attempted again to scan him, but was met with passive verbal resistance, Officer Smith thought it best to allow SGT Farrell to scan the defendant. The defendant was claiming to be experiencing a medical emergency experiencing a respiratory related emergency but was walking briskly and speaking loudly without the appearance of laboring.  The defendant was using an unreasonably loud tone, profanity, and threats toward SGT Farrell. Since the defendant deviated from receiving medical treatment and walked to the pharmacy area, his disruptive conduct and failure to comply with officer's directives, placed him in violation of his letter and he was advised that his behavior could result in his arrest.

5. SGT Farrell directed CPL Caoili to close POST 7 due to the defendant's escalating disorderly behavior. This closure disrupted the normal operation of services. The defendant was eventually seen by medical personnel and was medically cleared. The defendant was provided food by staff members. The defendant remained belligerent and verbally combative with SGT Farrell and Officer Smith. Efforts to secure transportation for the defendant were unsuccessful and when SGT Farrell asked the defendant if he was able to arrange transportation, he became more belligerent and refused to address SGT Farrell's inquiry.

6.  Medical staff advised the officers that there was no medical reason for the defendant to remain on the property. The defendant was advised to leave the premises and the defendant refused. SGT Farrell advised the defendant he would be placed under arrest if he failed to comply. The defendant did not comply and he placed under arrest. The defendant would not cooperate and was refusing to be handcuffed. The defendant was eventually handcuffed and transported to police services for processing. At police services, the defendant was fingerprinted and photographed and issued a United States District Court Violation Notice for disorderly conduct (DCVN Number 9045176/SY53) and trespassing (DCVN Number 9045177/SY53). The defendant was

released.

7. On February 20, 2024, at approximately 12:22 p.m., Officer Facchiano, assigned to the VA Montrose facility, was advised by police operation desk that Urgent Care was requesting a unit respond because a flagged patient was attempting to receive services without a police escort.

8. Officer Facchiano responded and spoke with Ms Sonya Letsinger, who works in the administration office, and she stated that while she was attending to the defendant, RN Pompee recognized the defendant as being flagged and noticed he was without a police escort. When Officer Facchiano arrived on scene, he did not immediately see the defendant. Officer Facchiano walked outside and when he came back in, he saw the defendant under the control of Officer Rivera and SGT Graham. SGT Graham left the scene and left the defendant in Officer Facchiano and Rivera's control.

9. The defendant was seen by medical staff and ultimately admitted for mental health treatment. On February 21, 2024, the defendant was released from the mental health facility as no mental health issues presented themselves. The defendant was taken into custody and transported to police services for processing. He was issued a United States District Court Violation Notice for trespassing (DCVN Number 9045130/SY53) and was eventually released Dutchess County Probation for probation violations and they took custody of him.

**WHEREFORE**, deponent prays that the above-named defendant be imprisoned or bailed, as the case may be.

_____
ANTHONY LUCIANO
VA Police Service


Sworn to before me this
3rd day of May, 2024

_____
HONORABLE KIM P. BERG
United States Magistrate Judge
Southern District of New York